# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LILIAN RIDGELY<br>Defendant. | Case No. 2:24-cr-763-DSF<br>ORDER OF DETENTION<br>[18 U.S.C. § 3148(b), 3143(a)] |

On October 2, 2026, Ms. Ridgely made her initial appearance on a bench warrant alleging violations of pretrial release. A detention hearing was held.

The Court has reviewed the files and records in this matter, including the Petition for Action on Conditions of Pretrial Release, and the report prepared by Pretrial Services, including the recommendation of the supervising officer recommending detention, and has considered the facts and argument presented at the hearing on October 2, 2026.

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

First, there is clear and convincing evidence that Ms. Ridgely violated a condition of her pretrial release. 18 U.S.C. § 3148(b)(1)(B). Defense counsel conceded that this prong of §3148(b) is not contested.

Second, based on the factors set forth in 18 U.S.C. § 3142(g), the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community if Ms. Ridgely is allowed to remain on bail pending future court proceedings. 18 U.S.C. § 3148(b)(2).

The Court reaches that conclusion based on the following facts: On April 9, 2025, Ms. Ridgely was ordered released on bond. (ECF 10.) She was compliant with the conditions of that bond until September 26, 2026, when she was arrested for a DUI. According to the Pretrial Violation Report, which is based on an LAPD police report, Ms. Ridgely struck another car, causing bruising and lacerations to the victim's mouth, and deploying Ms. Ridgely's own airbags. Ms. Ridgely did not stop there, but fled the scene. An LAPD vehicle began following Ms. Ridgely to get her to stop. While LAPD was following her, Ms. Ridgely blew through three red lights, five stop signs, and was travelling at an unsafe speed. Once stopped, Ms. Ridgely was unable to stand up without falling over. She had a BAC of .254, more than *three times* the legal limit. Her conduct was dangerous to herself, to the community, and to law enforcement. And no condition can meaningfully prevent Ms. Ridgely from driving drunk; it could only detect that she did so afterward.

Based on that fact, the Court concludes that there is no condition or combination of conditions that would be reasonably likely to assure the safety of the community.

IT IS THEREFORE ORDERED that Ms. Ridgely be detained and that she be remanded to the custody of the United States Marshal pending further proceedings in this matter.

Dated: October 13, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE